UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON JOSE MANUEL OSORIO ORTEGA (A-214-330-668),<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | Case No.  1:26-cv-1085 DC CSK<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner Simon Jose Manuel Osorio Ortega (A-214-330-668), a Venezuelan national, filed a verified petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his ongoing detention by U.S. Immigration and Customs Enforcement ("ICE").[1]  (ECF No. 1.) Petitioner argues that detention on the basis of his immigration status violates 8 U.S.C. § 1254a and violates his due process rights under the Fifth Amendment.  (Id. (claims one and two).)  For the following reasons, this Court recommends that the petition be granted.

I.      LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004)

---

[1]  Petitioner is proceeding through counsel.  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

(citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II.    DISCUSSION[2]

On February 8, 2026, petitioner filed his habeas petition, and on February 11, 2026, filed a motion for a temporary restraining order.[3]  (ECF Nos. 1, 8.)  On February 11, 2026, the district court ordered respondents to file an opposition or statement of non-opposition to the motion for a temporary restraining order and to substantively address whether any provision of law or fact in this case would distinguish it from the district court's decisions in Selis Tinoco v. Noem, et al., 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), Labrador-Prato v. Noem, et al., 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), and D.L.C. v. Wofford, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026), or indicate that the matter is not substantively distinguishable.  (ECF No. 9.)  In addition, as to count one of the petition, respondents were directed to address why petitioner's detention is not unlawful under 8 U.S.C. § 1254a(d)(4) in light of the Ninth Circuit's recent decision in Nat'l TPS All. v. Noem, 2026 WL 226573, at *16-18 (9th Cir. Jan. 28, 2026), which affirmed a district court's finding that Secretary Noem exceeded her statutory authority by revoking Temporary Protected Status ("TPS") protections for Venezuelans.  (Id.)  On February 13, 2026, respondents filed a motion to dismiss the motion for a temporary restraining order and the petition.  (ECF No. 11.)  In the opposition, respondents argued that petitioner was admitted into the United States "as

[2]  The factual and procedural background previously presented in the district judge's February 26, 2026 order is incorporated herein.  (See ECF No. 13.)

[3]  On February 10, 2026, this Court granted the application by petitioner's counsel to proceed pro hac vice.  (ECF No. 6.)

a non-immigrant B2 tourist visa on or about June 7, 2016," and thus petitioner is subject to 8 U.S.C. § 1226(a), and would be entitled to a bond hearing. (Id. at 1.) Because petitioner had not requested a bond hearing before an immigration judge, respondents argued that petitioner failed to exhaust his administrative remedies and his petition is premature. (Id. at 1-2.) Respondents also noted that because petitioner is eligible for a bond hearing under § 1226(a), respondents did not believe it was necessary to address petitioner's temporary protected status. (Id. at 1 n.1.) On February 17, 2026, petitioner filed a traverse and opposition to respondents' motion to dismiss. (ECF No. 12.) Petitioner objected to respondents' refusal to address the cases cited by the district court, and argued the district court should deny respondents' motion because they failed to distinguish petitioner's case from Selis Tinoco, 2025 WL 3567862, and other cited cases, and did not establish why petitioner's detention is not unlawful under 8 U.S.C. § 1254a(d)(4). (Id. at 4.) Petitioner also argued that prudential exhaustion should not be required. (Id.)

On February 26, 2026, the district court granted petitioner's motion for a temporary restraining order. (ECF No. 13.) The district court first set forth the TPS statutory and regulatory framework, and then determined the status of the legal challenge to Secretary Noem's actions, finding that Secretary Noem's vacatur and termination of Venezuela's TPS has been set aside by the declaratory judgment in National TPS Alliance v. Noem, 2025 WL 3539156 (N.D. Cal. Dec. 10, 2025).[4] (ECF No. 13 at 4-7.) In light of the grant of declaratory relief and petitioner's timely re-registration for extension of his TPS pursuant to the 2025 TPS Extension, the district court found that petitioner likely retains his TPS until October 2, 2026, so long as he remains eligible for TPS. (Id. at 7-8.) The district court also found that petitioner was likely to succeed on the merits of his claim that he was arrested and detained in violation of Section 1254a of the TPS statute because "[t]he statute is clear—an individual provided TPS must not be detained based on their immigration status." (Id. at 8 (citing 8 U.S.C. § 1254a(d)(4)).) Further, the district court

---

[4] On April 14, 2026, the government's motion to stay appellate proceedings was granted. National TPS Alliance v. Noem, No. 26-187 (9th Cir. Apr. 14, 2026). The parties were directed to file status reports following decisions in Mullin v. Dahlia Doe, No. 25-1083, and Trump v. Miot, No. 25-1084, both pending before the Supreme Court. (Id.)

noted that respondents provided no other basis or justification for detaining petitioner, and found petitioner is likely to succeed on the merits of his claim that his detention is unlawful. (Id. (citing Gonzalez v. Noem, 2026 WL 332223, at *2 (C.D. Cal. Feb. 5, 2026); J.G.M.F. v. Wofford, 2026 WL 88985, at *1 (E.D. Cal. Jan. 12, 2026)).) After weighing the remaining Winter factors, the district court granted petitioner's motion for temporary restraining order and ordered his immediate release. (Id. at 9-10.) The district court referred this action to the assigned Magistrate Judge for further proceedings. (Id.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order, this Court recommends that the petition for writ of habeas corpus be granted based on finding that petitioner holds TPS status until at least October 2, 2026, so long as he remains eligible for TPS, and as a result, he is protected under 8 U.S.C.§ 1254a(d)(4), which precludes his detention based on his immigration status. See J.G.M.F., 2026 WL 88985, at *1 ("by statute, noncitizens granted TPS shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States.") (quotation marks and citation omitted). Because of such protection, petitioner was unlawfully detained, and his petition should be granted on petitioner's first claim.

As to petitioner's second claim alleging a violation of due process, petitioner contends that because the "TPS statute unequivocally prohibits the detention of persons with valid TPS," this Court need not address constitutional questions. (ECF No. 1 at 11-12 (citing 8 U.S.C. § 1254a(a)(1)(A), (d)(4).) Respondents did not address petitioner's due process claim. (ECF No. 11.) Because petitioner's first claim provides the relief requested, the Court need not address petitioner's constitutional claim (claim two).

**III.    RESPONDENTS' MOTION TO DISMISS**

In their motion to dismiss, respondents content that because petitioner was admitted to the United States, he is subject to 8 U.S.C. § 1226(a), and would be entitled to a bond hearing. (ECF No. 11 at 1.) Respondents argue that petitioner failed to exhaust his administrative remedies before bringing this action because petitioner did not ask for a bond hearing, which he would be entitled to under § 1226(a). (Id.) Petitioner contends that prudential exhaustion should not be

4

required when respondents are statutorily barred from detaining petitioner due to his immigration status.  (ECF No. 12 at 4.)

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus."  Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004).  However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241."  Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012).  Because exhaustion is not required by statute, it is not jurisdictional.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)).  If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."  Id.  "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review."  Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted).  However, the court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile.  Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

This Court concludes that the prudential exhaustion requirement should be waived.  Because respondents were statutorily barred from detaining petitioner due to his immigration status under 8 U.S.C. § 1254a(a)(1)(A), (d)(4), the prudential exhaustion requirement should be waived.

///

///

5

## IV.    REMEDY

As relief, petitioner seeks an order granting the habeas petition, an order enjoining respondents from further detaining petitioner so long as the December 10, 2025 order in Nat'l TPS All., 2025 WL 3539156, at *3 (N.D. Cal. Dec. 10, 2025) remains in effect, a declaratory judgment, and an award of reasonable attorney's fees and costs.  (ECF No. 1 at 15.)  Petitioner was released from detention in response to the district court's order granting the motion for temporary restraining order, and this Court recommends that the habeas petition be granted.  This Court finds it appropriate to enjoin respondents from re-detaining petitioner so long as he qualifies for TPS.

Because the Court recommends granting habeas relief, the Court declines to recommend that a declaratory judgment be issued.

Petitioner's request for attorney's fees and costs is denied without prejudice to the bringing of a properly noticed and supported motion.

## V.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's request for attorney's fees and costs is denied without prejudice.

Further, IT IS RECOMMENDED that:

1.  Respondents' motion to dismiss (ECF No. 11) be DENIED.

2.  The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

3.  Respondents be ENJOINED and RESTRAINED from re-detaining petitioner so long as petitioner qualifies for Temporary Protected Status under 8 U.S.C. § 1254a.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

4.  Petitioner's request for a declaratory judgment be DENIED.

5.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after

being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 1, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/osor1085.157.2241.imm.gr

7